UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-261-RJC-DCK

| | |
|---|---|
| **DELIGHT WOOD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **SANOFI S.A., AVENTIS PHARMA S.A., AND** ) | |
| **SANOFI-AVENTIS U.S. LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant Sanofi-Aventis U.S. LLC's Motion to Dismiss, (Doc. No. 9), and the Magistrate Judge's Order and Recommendation, (Doc. No. 22), in part recommending that this Court deny the motion to dismiss without prejudice to re-file a motion to dismiss at a later date due to a stay currently in effect in the case. The parties have not filed objections to the Magistrate Judge's recommendation and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

**I.     STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Nonetheless, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or

conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## II. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of a Magistrate Judge's recommendation to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the Magistrate Judge's recommendation having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the recommendation. Nevertheless, this Court has conducted a full review of the recommendation and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's recommendation contained in the Magistrate Judge's Order and Recommendation, (Doc. No. 22), is **ADOPTED**;

2. Defendant Sanofi-Aventis U.S. LLC's Motion to Dismiss, (Doc. No. 9), is **DENIED without prejudice**.

Signed: October 13, 2016

Robert J. Conrad, Jr.
United States District Judge